**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 25 2015

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**SENECA THORNTON**                                          **PLAINTIFF**

**V.**                          CASE NO. _5:15-CV-0303JM-JJV_

This case assigned to District Judge _Moody_
and to Magistrate Judge _Volpe_

**CITY OF STUTTGART and ARKANSAS MUNICIPAL
LEAGUE; STUTTGART POLICE DEPARTMENT and
Police Chief MIKE SMITH, Individually and in his
Official Capacity; Deputy Police Chief STEVEN BOBO,
Individually and in his Official Capacity; DEAN MANNIS,
Individually and in his Official Capacity; ARKANSAS COUNTY
and ARKANSAS COUNTY SHERIFF'S OFFICE, Sheriff
ALAN CHEEK, Individually and in his Official Capacity;
BOBBY DUMOND, Individually and in his Official Capacity;
LLOYD PACE, Individually and in his Official Capacity;
ARKANSAS STATE POLICE and SCOTT RUSSELL, Individually
and in his Official Capacity;**

**DEFENDANTS**

**COMPLAINT**

Comes the Plaintiff, Seneca Thornton, by and through his attorneys, the LAW OFFICE

OF KATHRYN L. HUDSON and the BARRETT LAW FIRM, for his Complaint states:

I.

**INTRODUCTION**

1.  This is a civil rights Complaint brought under 42 U.S.C. § 1983 by Plaintiff against

the Defendants to recover damages as a result of their abuse of their official positions in law

enforcement and under the color of law conspired to deprive the Plaintiff of his due process

rights, his property, his reputation, his liberty, and did so deliberately, maliciously, and with the

1

intention of inflicting emotional distress because of his race and position as the only African American patrol officer on the Stuttgart Police Department in Arkansas County, Arkansas.

II.

## JURISDICTION AND VENUE

2.   Jurisdiction and venue of this court is invoked pursuant to 42 U.S.C. § 1983; the alleged acts against the Plaintiff were committed in the State of Arkansas, and in Arkansas County, Arkansas, beginning some time prior to September 3, 2014 and continuing thereafter.

3.   This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1343 (a)(4), and § 1367 (a), as Plaintiff seeks damages under 42 U.S.C. § 1983 due to the deprivation of his civil rights as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, the Arkansas Constitution, and other claims which arise out of state law.

III.

## PARTIES

4.   The Plaintiff is an African-American male employed as a police officer with the Stuttgart Police Department, is a resident of the United States of America, and specifically, Stuttgart, Arkansas.

5.   Defendant Dean Mannis is believed to be a citizen of Arkansas County, Arkansas, is currently employed as a private security officer, but at all times relevant was employed as a Captain by the Stuttgart Police Department. Defendant Mannis is being sued individually and in his official capacity.

6.   Defendant Bobby Dumond is believed to be a citizen of Arkansas County, Arkansas,

2

and at all times relevant employed as a Deputy Sheriff by the Arkansas County Sheriff's Office. Defendant Dumond is being sued individually and in his official capacity.

7.   Defendant Lloyd Pace is believed to be a resident of Arkansas County, Arkansas and at all times relevant was employed by the Arkansas County Sheriff's Office as an auxiliary Deputy Sheriff. Defendant Pace is being sued individually and in his official capacity.

8.   Defendant Scott Russell is believed to be a resident of Philips County, Arkansas, is, and at all times relevant, was the employed by the Arkansas State Police as a Special Agent. Defendant Russell is being sued individually and in his official capacity.

9.   Defendant Mike Smith is believed to be a resident of Arkansas County, Arkansas and at all times relevant was the Chief of Police for the Stuttgart Police Department, Stuttgart, Arkansas. Defendant Smith is being sued individually and in his official capacity.

10. Defendant Steven BoBo is believed to be a resident of Arkansas County, Arkansas and at all times relevant was the Assistant Police Chief of the Stuttgart Police Department. Defendant Bobo is being sued individually and in his official capacity.

11. Defendant Alan Cheek is believed to be a resident of Arkansas County, Arkansas, and at all times relevant was the Sheriff of Arkansas County, Arkansas. Defendant Cheek is being sued individually and in his official capacity.

12. The City of Stuttgart is a municipal corporation within the State of Arkansas and among its other functions operates and maintains a law enforcement agency known as the Stuttgart Police Department and receives federal funds. The City is under a duty to oversee policing activities in a lawful manner so as to preserve the peace of the City and to protect the rights, privileges and immunities guaranteed to its citizens and secured to them by the constitutions and the laws of the United States and the State of Arkansas.  The City acts and fails

3

to act through its City Counsel, the Police Chief, and the Mayor. The Stuttgart City Council adopts police department rules and was at all times relevant charged with the enforcement of those policies and rules.

13. Defendant Arkansas Municipal League is a local government association whereby participating municipalities can pool their resources and provide liability protection. On information and belief, Stuttgart, Arkansas is a participating municipality, and, upon information and belief the Municipal League provides insurance coverage to the City for the acts herein complained of. Defendant Arkansas Municipal League is amenable to suit pursuant to Arkansas law including A C.A. § 23-79-210, direct cause of action against insurer.

14. Defendant Arkansas County, Arkansas is a political subdivision of the State of Arkansas and among its other functions operates and maintains a law enforcement agency known as the Arkansas County Sheriff's Department. Arkansas County delegates to the elected Sheriff the responsibility for establishing and implementing policies, procedures, and customs, used by law enforcement officers employed by Arkansas County in regard to investigations and arrest. Arkansas County adopts Sheriff Department rules and was at all times relevant charged with the enforcement of those policies and rules.

15. Defendant Arkansas State Police is a political subdivision of the State of Arkansas. The Arkansas State Police is under a duty to run its policing activities in a lawful manner in order to protect and preserve the peace of the State of Arkansas and to preserve and protect the rights, privileges, and amenities guaranteed to its citizens and to secure them by the laws and Constitutions of the United States and Arkansas.

IV.

FACTS

16. On or about August 19, 2015 Plaintiff, Seneca Thornton, while employed as a patrol

4

officer for the Stuttgart Police Department was summoned to Robert Dittrich's office for a meeting; Dittrich was and still is the prosecuting attorney for the 11th Judicial District East. During this meeting Dittrich informed Thornton that they had audio and video evidence that Thornton had engaged in an illegal drug purchase with a confidential informant, but that since the current police chief "had a lot on his plate" and that the City didn't want any more negative publicity, "if he would just resign and turn in his badge they would not prosecute and he would be free to go work somewhere else." Dittrich gave Thornton one week to "think it over." Thornton retained counsel and his counsel was informed that the "offer" was good for one more week; Thornton stated he would not resign and that if they had evidence to go ahead and file charges.

On or about September 5, 2014, after Thornton refused to resign from the Stuttgart Police Department, he was served with an arrest warrant, arrested, and charged with A.C.A. § 5-64-403(a)(2)&(b)(1) Obtaining controlled substance by fraud, etc. a Class D felony, A.C.A. § 5-64-404 Unlawful use of a communication device, a Class C felony, and possession of Alprazolam (Sch.IV) (<28g) a Class A Misdemeanor.

17.     Thornton was fired the day after his arrest and was never offered leave without pay pending the outcome of the charges and as a result lost health insurance coverage for himself and his family. Thornton suffered severe financial hardship due to the loss of pay and substantial legal fees he was forced to incur to fight what was very obviously a "set-up" conspired by the Individual Defendants to coerce him into resigning from the police department.

18.     On January 27, 2015, a trial by jury was conducted on the charges alleged to have been committed by Thornton. During the trial it was learned that the alleged drug-buy scheme had been concocted by then Captain Dean Mannis, Arkansas County Deputy Sheriff Bobby

5

Dumond, Arkansas County Auxiliary Deputy Sheriff Llyod Pace, and Arkansas State Police

Special Agent Scott Russell under the guise of the "Tri-County Drug Task Force."

18.     During the course of the trial it was disclosed that the so-called "confidential

informant" Thornton was to have purchased illegal drugs from was in fact the housekeeper of

Defendant Mannis. This "confidential informant" had two pending felony drug charges and a

probation revocation pending in the same court at the time of the trial with Robert Dittrich as the

prosecuting attorney. There was no evidence presented that Thornton had purchased anything by

fraud, possessed any illegal drugs, or illegally used a communication device.

19.     After the State rested its case Thornton was granted a directed verdict on the

felony charges whereby the Court "ambivalently" denied a directed verdict on the misdemeanor

charges. After deliberating for only forty-four (44) minutes Thornton was acquitted of all

charges.

20.     After his acquittal Thornton sought to be reinstated as a patrol officer, whereby he

was initially informed that if he wished to return he would start as a rookie officer losing his five

(5) years of seniority. After Thornton complained and after some investigation by the human

resources director informed Chief Smith that Thornton would have to be reinstated at his regular

rate and pay and not as a rehire. He was not offered the five (5) months' pay he lost while

terminated.

21.     Since his rehire Thornton has been subjected to being shunned, denied promotion

when he was the only officer qualified for the position, and has been told by several people to

"watch his back." Thornton learned a few months ago from a known drug informant that

Defendant Dean Mannis had made inquiries about possibly setting up Thornton again. Prior to

the first drug-buy setup, then Defendant Mannis often made comments to Thornton asking him

6

how he could afford a two-hundred thousand dollar ($200,000) house, drive an Escalade, own a motorcycle, and generally live better than he.

22.     As a result of the deliberate and malicious actions of the Defendants jointly and severally, under both state and federal law, Plaintiff's damages include, but are not limited to:

a.     Damages for past, present, and future, physical and emotional pain and suffering;

b.     Severe economic damage caused to Plaintiff's wife's business due to the defamatory portrayal of the Plaintiff in the press and community, and loss of his income;

c.     Damages for loss of enjoyment of life past, present, and future;

d.     Punitive damages;

e.     Pre and post judgement interest;

f.     Attorney fees; and,

g.     All such relief, both general and specific, to which he may be entitled.

V.

CAUSES OF ACTION

**A. Count 1 - Violation of Fourth and Fourteenth Amendments**

23.     Plaintiff restates and re-alleges and incorporates by reference each allegation asserted in paragraphs 1-22 as if put forth word-for-word and at their length.

24.     Under the guise of the "Tri-County Drug Task Force" the Defendants named herein acted in concert and conspired under the color of law to deprive the Plaintiff of his constitutionally protected rights. Defendants acted jointly and under cover of state law to deprive Mr. Thornton of his constitutionally protected rights under the Fourth and Fourteenth

7

Amendments of the United States Constitution through the following acts, including but not
limited to:

      a.    False arrest;

      b.    False imprisonment;

      c.    Malicious prosecution, and;

      d.    Deliberate conduct that shocks the conscience of a civilized society.

25.     Mr. Thornton's rights were violated as set forth above by the Defendants acting in
a conspiracy as the "Tri-County Drug Task Force" under color of state law, and in concert with
one another, with the malicious intent of depriving Mr. Thornton of his constitutional rights in
order to destroy him financially, professionally, and personally among Thornton's peers, family,
and community.

26.     As a direct and proximate cause of Defendants' violation of Mr. Thornton's
constitutional rights, Mr. Thornton suffered general and specific damages as alleged in this
Complaint and under 42 U.S.C. § 1983.

### B.  Count 2 – Failure to Supervise

**27.**     Plaintiff restates and re-alleges and incorporates by reference each allegation
asserted in paragraphs 22 – 26 as if put forth word-for-word and at their length.

28.     "The Tri-County Drug Task Force is comprised of Sheriff's narcotic investigators
and detectives from the Pine Bluff Police Department, Stuttgart Police Department and Dewitt
Police Department. Its mission is to eliminate the importation of many of the illicit drugs that
are imported and then distributed into the jurisdictional counties governed by the Tri-County

Drug Task Force."[1] The Defendants named in this Complaint were all members of this Tri-County Task Force as law enforcement officers from the Arkansas Sheriff's Office, Stuttgart Police Department, and the Arkansas State Police.

29.     It is customary for differing law enforcement agencies to cooperate with one another and to participate in joint law enforcement activities. It is and was the Constitutional duty of all law enforcement agencies named herein to properly train, supervise, and discipline members of their own agencies and departments.

30.     It was the duty of the Stuttgart Police Department, Police Chief Mike Smith, Deputy Chief Steven Bobo, Arkansas County Sheriff's Office, Sheriff Alan Cheek, and the Arkansas State Police to properly hire, train, and discipline members of their respective agency or department, and to ensure that their members are there to protect, serve, and preserve the rights, privileges, and immunities guaranteed to all persons by the United States and the Arkansas Constitutions and the laws of the United States and Arkansas.

31.     The Stuttgart Police Department and Chief Mike Smith and Deputy Chief Steven Bobo failed to properly train and supervise then Captain Mannis and to oversee his activities with the Tri-County Drug Task Force. A climate existed in the department whereby then Captain Dean Mannis felt emboldened to use department assets and personnel to setup the then only African-American patrol officer in a bogus drug buy for the sole purpose of not only having him fired, but to destroy his career, his family life, and future opportunities.

32.     Arkansas County, through its Sheriff's Office, failed to properly train and supervise Defendants Bobby Dumond and Lloyd Pace or supervise their activities with the Tri-

---

[1] http://www.jeffcoso.org/page.php?id=6

9

County Drug Task force allowing a climate to exist whereby they felt emboldened to set up the Plaintiff in a bogus drug buy for the sole purpose of destroying his career, his position in the community, his family relationships, and his future opportunities.

33.     The Arkansas State Police failed to properly train, educate, and supervise Defendant Scott Russell and in spite of the acquittal and revelation that the Plaintiff had been falsely accused and in fact setup by Defendants Russell, Mannis, Dumond, and Pace, the Arkansas State Police in fact promoted Russell after the incident. The Arkansas State Police lack of training and supervision created a climate whereby Defendant Russell felt emboldened to join the other Defendants in setting up the Plaintiff in a bogus drug buy to have his career in law enforcement destroyed, to be prosecuted, and financially devastated.

34.     Each of the Defendants had a duty to supervise and prevent the Individual Defendants from conspiring to use their positions as state actors to deprive the Plaintiff of his constitutional rights and privileges under the color of law.

35.     The Stuttgart Police Department, Chief Mike Smith, Deputy Chief Steve Bobo, Arkansas County Sheriff's Office, Sheriff Alan Cheek, and the Arkansas State Police, are all liable for constitutional violations committed by the Individual Defendants under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, *respondeat superior,* joint venture, contract, and as a result of their non-delegable duty to insure that their officers comply with and understand the Constitution and laws of the United States and Arkansas.

36.     As a direct and proximate result of the foregoing policies, practices, and customs, the Stuttgart Police Department, Arkansas County Sheriff's Office, and the Arkansas State Police are responsible for the violations of the constitutional rights by the Individual Defendants which

10

were outrageous, calculated, deliberate, and malicious, with the sole intent of using their authority under the color of law to deprive the Plaintiff of his constitutionally protected rights.

### C. Count 4: Attorney Fees

37.     Plaintiff restates and re-alleges and incorporates by reference each allegation asserted in paragraphs 26-36 as if put forth word-for-word and at their length.

38.     Plaintiff seeks an award of attorney fees as allowed under federal and state laws.

### D. Count 5: Intentional Infliction of Emotional Distress (Pendent State Claim)

39.     Plaintiff restates and re-alleges and incorporates by reference each allegation asserted in paragraphs 26-38 as if put forth word-for-word and at their length.

40.     The Individual Plaintiffs named in this Complaint maliciously and intentionally conspired to deprive Mr. Thornton of his constitutionally protected rights against unlawful arrest, false imprisonment, and malicious prosecution, and deprivation of property, knowing that their actions would cause Mr. Thornton extreme emotional distress. Through their conspiracy they enlisted the aid of the prosecuting attorney, the Plaintiff's co-workers, and a member of his community to falsely accuse him of buying illegal drugs from an alleged confidential informant. They knew that their actions would result in the Plaintiff's reputation being destroyed, his relationship with his community and family would suffer, that he would be financially harmed, his liberty could be taken from him, and his future opportunities destroyed.

41.     The Individual Defendants' conduct was so extreme and outrageous it shocks the conscious of a decent society that looks to law enforcement to protect and serve and not use the color of law to deprive a fellow law enforcement officer of his constitutionally protected rights for no reason other than he was an African-American living in a nice house, driving a nice car, enjoying the same benefits as white police officers.

11

42.     The conduct of the Individual Defendants is so outrageous, malicious, and atrocious, it should not be tolerated by a civilized society of laws.

43.     As a result of the outrageous and intentional conduct of the Individual Defendants Mr. Thornton has been harmed financially and emotionally in ways that have yet to be quantified but will exceed the amount required for federal jurisdiction.

E.     **Count 5: Punitive Damages**

44.     Plaintiff restates and re-alleges and incorporates by reference each allegation asserted in paragraphs 38-43 as if put forth word-for-word and at their length.

45.     The conduct of the Defendants was intentional, malicious, depraved, and calculated using their entrusted positions as law enforcement officers to deprive the Plaintiff of his constitutionally protected rights and privileges, and in so doing abused the public trust given them.

46.     Police Chief Mike Smith and Deputy Chief Steve Bobo failed to exercise reasonable care to ensure their officers were properly trained and supervised and that they would suffer consequences for abusing the public's trust.

47.     Sheriff Alan Cheek failed to exercise reasonable care to ensure his deputies were properly trained and supervised with the understanding that they would suffer consequences for abusing the public's trust.

48.     The Arkansas State Police failed to exercise reasonable care to ensure its deputies were properly trained and supervised with the understanding that they would suffer consequences for abusing the public's trust.

49.     The conduct of the Individual Defendants constitutes gross negligence in their performance as law enforcement officers. At all times relevant to this Complaint, the Individual

Defendants were acting in concert with one another and were acting in the course and scope of their duties as law enforcement officers employed by their respective agencies; their gross negligence and deliberate acts are therefore imputed to the City of Stuttgart and the Stuttgart Police Department, the Arkansas Municipal League, Arkansas County and the Arkansas Sheriff's Office, and the Arkansas State Police.

50.    The intentional conduct of the Defendants is so reprehensible and outrageous punitive damages should be imposed against all Defendants, with the exception of the government entities, in an amount commensurate with the wrongful acts alleged herein.

VI.

DEMAND FOR JURY TRIAL

51.    Plaintiff demands a trial by jury of all triable issues.

WHEREFORE, Plaintiff, Seneca Thornton, prays that he will be granted judgment against the Defendants in the amounts requested; for punitive damages; for attorney fees and costs; and for other relief he may be entitled to.

Respectfully submitted,

By:    /s/Kathryn L. Hudson

Kathryn L, Hudson, ABN 2010046
LAW OFFICE OF KATHRYN L.HUDSON
650 S. Shackleford Rd., Ste. 400
Little Rock, AR. 72211
(501) 246-3586
(501) 217-4082 Fax
klhudson@hudson-lawcenter.com

13

/s/ Justin S. Huett

Justin S. Huett, ABN 2012307
LAW OFFICE OF KATHRYN L.HUDSON
650 South Shackleford, Suite 400
Little Rock, AR 72211
501-246-3586
5-1-205-1635 Fax
Email: jhuett@hudson-lawcenter.com

/s/Gary J. Barrett

Gary J. Barrett ABN 2000017
BARRETT LAW FRIM
425 W. Capitol Ave, Ste. 1530
Little Rock, AR 72201
(501) 372-2877
(501) 372-2893 Fax
barrett@garyjbarrett.com


ATTORNEYS FOR SENECA THORNTON